Grant E. Kinsel, Bar No. 172407
GKinsel@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone:  310.788.9900
Facsimile:  310.788.3399

Kevin A. Zeck, WSBA No. 41689
KZeck@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendants NINTENDO OF AMERICA INC. and NINTENDO CO., LTD.

[Counsel for Gamevice, Inc. identified on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| GAMEVICE, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> NINTENDO CO. LTD., and NINTENDO OF AMERICA INC., <br><br> *Defendants* | Case No. 3:18-cv-1942-RS <br><br> **Stipulation & Order Regarding Discovery of Electronically Stored Information** |
| NINTENDO OF AMERICA INC., <br><br> *Counterclaim Plaintiff,* <br><br> v. <br><br> GAMEVICE, INC. <br><br> *Counterclaim Defendant.* | |

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

**Scope of Electronic Discovery**

5. Each Private Party will search for responsive documents in the location(s) and from custodians where they are believed to reside.

6. Materials retained in tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes are deemed not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B) and, accordingly, are not subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval. Archives stored on computer servers, external hard drives, notebooks, or personal computer hard drives that are created primarily for back-up or disaster recovery purposes and not used as reference materials in the ordinary course of a party's business operations need not be searched or produced absent good cause, and further subject to the producing party's claim of undue burden or cost or other objections. No party need deviate from the

practices it normally exercises with regard to preservation of such "tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes" that it does not otherwise exercise when not in anticipation of litigation (e.g., recycling of back-up tapes is permitted).

7. Voicemail messages, text messages, random access memory, instant messages and chats, information from mobile phones, smart phones or PDAs, and dynamic fields of databases or log files will be considered not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B) and, accordingly, need not be searched and will not be subject to production absent a showing of good cause by the requesting party based upon specific facts that demonstrate a particular need for such evidence that justifies the burden of retrieval, and further subject to the producing party's claim of undue burden or cost. No party need deviate from the retention practices it normally exercises with regard to such voicemail messages, text messages, random access memory, instant messages and chats, information from mobile phones, smart phones or PDAs, and when not in anticipation of litigation.

8. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence, including but not limited to, electronic collaboration tools such as Confluence, Jira, and others (collectively "email"). To obtain email parties must propound specific email production requests.

9. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

10. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and the Patent L.R. 3-1, 3-2, 3-3, and 3-4 disclosures. While this provision does not require the production of such

Stipulation & Order Regarding Discovery
of Electronically Stored Information
18-cv-1942-RS

information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

11. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

12. For Nintendo of America's counterclaims, each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. If the stay on Gamevice's claims is lifted, the parties will promptly confer about how this order's provisions as to email production apply to those claims.  The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

13. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The requesting party shall work together with the producing party to determine such reasonable search terms, based on the producing party's unique knowledge of its own internal nomenclature.  The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system")

narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

**Document Production Format**

14. The parties shall each produce imaged copies of responsive and non-privileged electronic and paper documents electronically, with appropriate production numbers and confidentiality designations, at a resolution of at least 300 dots-per-inch (dpi), in TIFF format.  TIFF files shall be single–page and shall be named based on the unique page ID, which will begin with the BegDoc number for the first page of each document and continue sequentially for each page thereafter, followed by the extension ".TIF". Documents will be produced in black and white format; however, the producing party will comply with reasonable requests to produce particular documents in color. If color images are produced, they shall be produced as single-page JPEG files. The documents should be logically unitized (i.e., contain correct document breaks) with the beginning and ending Bates ranges to account for the breaks between documents. An image load file for use with Opticon/IPRO, preferably an .LFP or .OPT file, shall be provided to indicate the location of the TIFF. A data load file (DAT) shall also be provided that includes the following objective coding fields:

"BegProd," "EndProd," "Pages," and "Volume." Document level extracted text or OCR text files will be provided. Each file will be named using the Bates number of the first page of the document (e.g., a four-page document that starts with ABC0000001 will bear the name ABC0000001.TXT). With respect to documents containing redacted text, OCR will be provided for the non-redacted text.

15. The parties shall provide production of spreadsheets and comma separated value files (e.g., Microsoft Excel files, .csv files) in native format where reasonable and reserve the right to request or produce certain additional information (e.g., database and/or CAD files) in native format to facilitate use by each side, or to make other agreements for their mutual convenience relating to the form and manner of production. For example, the parties may make reasonable requests of each other to produce specific documents in native format upon a showing of good cause, e.g., when a document would become illegible or unusable when converted to .TIFF or when a document cannot be converted to .TIFF. The parties also reserve their respective rights to object to any such request.

16. The parties agree that limited fields of metadata associated with any files will be produced in this litigation. The parties agree that for email-based productions, the complete distribution list (including to, from, cc, bcc), the date the document was sent and received, subject, begattach, and endattach shall generally be included in the production if such fields exist. For non-email productions, the author, the file created date, the file last modified date, file name, file extension/type, and the custodian shall generally be included in the production if such fields exist. For both email-based and non-email productions, confidentiality designation and redaction fields shall also be included, as applicable. The producing party

1 will comply with reasonable requests for additional metadata fields for specific documents.

17. Paper documents included in a party's production shall be scanned to imaged-copies and produced in the same manner specified in Paragraphs 14-16 above.  The imaged copies of scanned paper documents will be logically unitized (i.e., to preserve page breaks between documents and otherwise allow separate documents to be identified).  The parties agree to produce these documents in text-searchable format (e.g., OCR) for use in this litigation.

**Inadvertent Production of Privileged or Work Product Protected ESI**

18. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

IT IS SO STIPULATED, through Counsel of Record.

Dated:  February 13, 2019          PERKINS COIE, LLP

By: /s/ *Grant E. Kinsel*
Grant E. Kinsel, Bar No. 172407
GKinsel@perkinscoie.com

Attorneys for NINTENDO OF AMERICA INC., and NINTENDO CO., LTD.

Dated:  February 13, 2019         QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP

                                  By: /s/ *Chris Mathews*
                                      Chris Mathews

                                  Attorneys for GAMEVICE, INC.

IT IS ORDERED that the foregoing stipulation is approved.

Dated:

_____
UNITED STATES DISTRICT JUDGE
RICHARD SEEBORG

## CIVIL L.R. 5-1(i) ATTESTATION

I, Grant E. Kinsel, hereby attest that I have been authorized by counsel for the parties listed above to file on their behalf this Stipulation & [Proposed] Order Regarding Discovery of Electronically Stored Information.

Dated: February 13, 2019         */s/ Grant E. Kinsel*
                                 Grant E. Kinsel