UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMEVICE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NINTENDO CO., LTD., et al.,<br><br>    Defendants. | Case No. 18-cv-01942-RS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART GAMEVICE'S MOTION TO STRIKE INTERROGATORY RESPONSES** |

## I. INTRODUCTION

As explained in the Order Construing Claims issued concurrently with this opinion, this is a case about video game controllers. Plaintiff and Counter-Defendant Gamevice, Inc. ("Gamevice") and Defendant and Counter-Claimant Nintendo of America, Inc. ("Nintendo") each accuse the other of infringing their respective video game controller patents. Gamevice now moves to preclude Nintendo from amending its initial disclosures and to strike certain interrogatory responses which Gamevice believes are inconsistent with those disclosures. In the alternative, Gamevice requests leave to amend its invalidity contentions. For the reasons set forth below, Nintendo is precluded from relying on late-disclosed documents to establish the date of conception and reduction to practice. Nintendo may, however, assert a date of conception and reduction to practice of April 19, 2005 based on the company's Patent L.R. 3-2(b) disclosures. Finally, Gamevice is granted leave to amend its invalidity contentions.

## II. BACKGROUND

In March 2018, Gamevice filed suit against Nintendo for alleged infringement of two of its

patents. In response, Nintendo moved to stay Gamevice's infringement claims, and filed an answer and counterclaim. Nintendo specifically accuses Gamevice of selling accessories for smart phones and tablets that infringe, *inter alia*, U.S. Patent No. 7,193,165 ("the '165 patent"). Gamevice's claims were subsequently stayed, however Nintendo's counterclaims were allowed to proceed.

On September 17, 2018, Nintendo submitted three disclosures relevant to the present dispute. First, in keeping with Patent L.R. 3-1(f), Nintendo disclosed a priority date of "no later than May 16, 2005" for the '165 patent claims. Second, Nintendo produced documents which supposedly indicate the date of conception and reduction to practice for these claims. In particular, Nintendo produced a 21-page Japanese language specification for Nintendo's Gameboy Micro product, dated April 19, 2005. This document was identified as being responsive to Patent L.R. 3-2(b), but was not accompanied by additional explanation. Third, in response to Patent L.R. 3-1(g), Nintendo disclosed that Nintendo's Gameboy Micro product practiced claims 1, 4, 8, and 11 of the '165 patent. S.F. Decl., Ex. 1 at 9.[1]

In October 2018, Gamevice served its first set of interrogatories on Nintendo. Interrogatory No. 3 specifically requested "all facts relevant to the conception and reduction to practice of" the '165 patent. S.F. Decl., Ex. 5 at 9. Nintendo once again produced the April 19, 2005 specification for its Gameboy Micro—the same document produced in response to Patent L.R. 3-2(b)—and stated that this document "evidences conception and/or reduction to practice prior to the date for which NOA is claiming priority for the '165 patent." S.F. Decl., Ex. 5 at 10.

In February 2019, Gamevice sent Nintendo a letter identifying several purported deficiencies in Nintendo's responses to Interrogatory No. 3. Gamevice requested Nintendo provide the alleged date of conception and reduction to practice of each asserted claim and the name of each person who contributed to, or witnessed, the conception and reduction to practice. Gamevice also asserted that the April 19, 2005 specification for Nintendo's Gameboy Micro did not show the shoulder buttons which are the subject of Nintendo's asserted claims. The following month,

---

[1] The S.F. Decl. refers to the declaration of Scott Florance and can be found at ECF No. 70.

Nintendo provided additional documents and supplemental responses, which evidenced a conception and reduction to practice "on or about April 22, 2005." S.F. Decl., Ex. 7 at 12. These additional documents include a hand drawn figure of the shoulder button configuration claimed in the '165 patent.

Gamevice now moves to preclude Nintendo from amending its initial disclosures and to strike any discovery responses that support a conception and reduction to practice date earlier than May 16, 2005—that is, the "priority date" stated in Nintendo's 3-1(f) disclosures. In the alternative, Gamevice requests leave to amend its invalidity contentions in light of Nintendo's purported failure to disclose the conception and reduction to practice date in its initial disclosures. Nintendo has not requested leave to amend its initial disclosures and represents that it has no intention of doing so in the future. Accordingly, Gamevice's request to preclude Nintendo from amending its initial disclosures is moot. Nintendo does, however, oppose the request to strike its interrogatory responses or, in the alternative, to allow Gamevice leave to amend its invalidity contentions.

### III. LEGAL STANDARD

The Patent Local rules require a patentee to disclose both the priority date for its asserted claims, Patent L.R. 3-1(f), as well as documents evidencing the conception and reduction to practice date for such claims, Patent L.R. 3-2(b). The purpose of these rules is "to get the parties to commit to positions early on in the litigation and stick to them absent good cause." *Collaborative Agreements, LLC v. Adobe Sys., Inc.*, No. 15-cv-03853-EMC, 2016 WL 1461487, at *3 (N.D. Cal. Apr. 14, 2016). Courts may impose any just sanction for non-compliance with the Patent Local rules, including "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006) (citing Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2)(B)). For example, patentees may be precluded from asserting an invention date earlier than the one disclosed in their Patent L.R. 3-1 disclosures. *See, e.g.*, *Thought, Inc. v. Oracle Corp.*, No. 12-cv-5601-WHO, 2015 WL 5834064, at *5 (N.D. Cal. Oct. 7,

2015); *Harvatek Corp. v. Cree, Inc.*, No. C 14-05353 WHA, 2015 WL 4396379, at *2-3 (N.D. Cal. July 17, 2015).

## IV. DISCUSSION

### A. Patent Local Rule 3-1(f): Disclosure of Priority Date

The primary dispute between the parties relates to whether Nintendo complied with the disclosure requirements set forth in the Patent Local Rules, specifically Patent L.R. 3-1(f) and 3-2(b). Patent L.R. 3-1(f) requires that, "[f]or any patent that claims priority to an earlier application," the patentee disclose "the priority date to which each asserted claim allegedly is entitled." In Gamevice's view, the term "priority date," as used in Patent L.R. 3-1(f), encompasses both (1) the date of priority relative to an earlier application and (2) the date of conception and reduction to practice. *See Thought*, 2015 WL 5834064, at *4; *Harvatek*, 2015 WL 4396379, at *2; *Open TV v. Apple*, No. 15-CV-02008, 3196643, at * 2 (N.D. Cal. June 9, 2016).

*Harvatek* held that "Patent L.R. 3-l(f) particularly requires a patent holder to assert a specific date of conception, not a date range, and Patent L.R. 3-2(b) requires the proactive and expedient production of evidence of that conception date." 2015 WL 4396379, at *2. The court in *Thought* explicitly adopted the reasoning of *Harvatek*. *Thought*, 2015 WL 5834064, at *5 ("The purpose of the local rules to crystallize the parties' theories early in litigation would be frustrated if Patent Local Rule 3-1 and 3-2 were read to allow a plaintiff to avoid specifying a conception date or provide any documents that support this date."). Accordingly, Gamevice argues, Nintendo was obligated to disclose a specific date of *conception and reduction to practice* in its 3-1(f) disclosures and should be barred from introducing evidence of an invention date earlier than the May 16, 2005 "priority date" listed in that disclosure.

Nintendo responds that the "priority date" and the date of conception and reduction to practice are two distinct concepts, and that Patent L.R. 3-1(f) only mandates disclosure of the "priority date." First, Nintendo notes that the plain language of Patent L.R. 3-1(f) refers to the date of "priority to an earlier application," but makes no reference to the date of conception and reduction to practice. Patent L.R. 3-1(f) (requiring patentees to disclose "the priority date" for

"any patent that claims priority to an earlier application"). Nintendo also contests Gamevice's interpretation of *Thought*, *Harvatek*, and *OpenTV*.

Nintendo argues these cases simply stand for the proposition that a patentee must disclose the conception date "somewhere" in its Patent L.R. 3-1 disclosures. The patentees in the aforementioned cases failed to provide either a conception and reduction to practice date, or any documentation evidencing such a date. Here, by contrast, Nintendo produced a document under Patent L.R. 3-2(b) which purports to show the date of conception and reduction to practice. According to Nintendo, so long as the patentee discloses documents *supporting* a particular conception and reduction to practice date under Patent L.R. 3-2(b), it is not required to *state* explicitly the date of conception in its Patent L.R. 3-1(f) disclosures.

Ultimately, the language of Patent L.R. 3-1 is not entirely clear about a party's disclosure obligations with respect to the conception and reduction to practice date. That being said, *Thought*, *Harvatek*, and *OpenTV* are persuasive insofar as they express a strong public policy in favor of clear disclosure of the date of conception and reduction to practice. In keeping with this purpose, the Patent Local Rules require a clear statement of the date of conception and reduction to practice, either under Patent L.R. 3-1(f) or under Patent L.R. 3-2(b). Simply producing a document which evidences a particular date of conception without clearly identifying the relevant date for the opposing party does not suffice. In light of the ambiguity in the local rules, however, Nintendo will not be barred from asserting the April 19, 2005 conception and reduction to practice date derived from its Patent L.R. 3-2(b) disclosures.

**B. Patent Local Rule 3-2(b): Conception and Reduction to Practice Documents**

Patent L.R. 3-2(b) requires production of "[a]ll documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-1(f), whichever is earlier." It is undisputed that Nintendo produced certain documents in response to Interrogatory No. 3 which relate to the date of conception and reduction to practice, but which were not disclosed in the company's Patent L.R. 3-2 disclosures—namely

the April 22, 2005 documents which include a hand drawn figure of the claimed shoulder button. Accordingly, Nintendo is precluded from relying on these late-disclosed documents to establish the date of conception and reduction to practice.

### C. Leave to Amend Invalidity Contentions

In the event Nintendo is permitted to rely on a conception and reduction to practice date earlier than May 16, 2005, Gamevice requests leave to amend its invalidity contentions to disclose one additional prior art reference to the '165 patent. As explained above, Nintendo will be permitted to rely on the April 19, 2005 conception and reduction to practice date, which is supported by their 3-2(b) disclosures. Given the lack of clarity in these disclosures, however, Gamevice is granted leave to amend its invalidity contentions. *Cf. Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 1648175, at *2 (N.D. Cal. Apr. 23, 2014) ("It is generally permissible for a party to amend its invalidity contentions in response to the patentee amending its infringement contentions."). It appears Gamevice has acted diligently in reviewing and seeking discovery related to Nintendo's initial disclosures. Furthermore, Nintendo does not identify any prejudice which would arise from allowing Gamevice to amend. Accordingly, leave to amend is granted.

### V. CONCLUSION

For the reasons set forth above, Nintendo may rely on its Patent L.R. 3-2(b) document disclosures to establish an April 19, 2005 conception and reduction to practice date. Nintendo is barred, however, from relying on late-disclosed documentation to establish this date. Finally, Gamevice is granted leave to amend its invalidity contentions to add an additional prior art reference. Should Gamevice choose to amend, it must do so no later than September 2, 2019.

**IT IS SO ORDERED**.

Dated: August 2, 2019

RICHARD SEEBORG
United States District Judge

CASE NO. 18-cv-01942-RS
6