UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GAMEVICE, INC.,
    Plaintiff,

v.

NINTENDO CO., LTD., et al.,
    Defendants.

Case No. 18-cv-01942-RS

**ORDER GRANTING MOTION TO AMEND INFRINGEMENT CONTENTIONS AND DENYING REQUEST TO LIMIT CLAIMS**

On August 26, 2019, counter-claimant Nintendo of America, Inc. ("NOA") moved to amend its infringement contentions in light of the August 2, 2019 claim construction order. Counter-defendant Gamevice has not substantively opposed that motion.[1] Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for October 3, 2019 is vacated. The motion is granted.

Gamevice conditions its non-opposition on the demand that NOA be limited in the number of claims it can assert per patent. District courts may limit patent claimants to a set of representative claims where the number, complexity, or duplicative nature of the claims makes trying them all unfeasible. *See Thought, Inc. v. Oracle Corporation*, No. 12-cv-05601, 2013 WL 5587559 (N.D. Cal. Oct. 10, 2013). NOA currently makes a total of thirty-three claims across three patents, twenty-four of which pertain to one patent, with twenty-one being dependent claims. NOA represents that the dependent claims are not duplicative and will not unnecessarily

---

[1] Gamevice did file a Statement of Non-Opposition on two conditions: that Gamevice will be able to respond to NOA's new doctrine of equivalents arguments during expert discovery, and that NOA agree to Gamevice's proposed case schedule. NOA agreed to the first condition in its own motion, and that agreement will be enforced. As to the second condition, the only ascertainable difference between the parties' scheduling requests is that Gamevice insists NOA must limit the number of its claims at this juncture in the action. That issue is addressed in this order.

complicate this trial. Gamevice does not address in its briefing the specific facts of the claims at issue, nor does it rebut the contention that the claims it seeks to prune now will not add unmanageable complexity to the trial. Gamevice's request is thus denied. NOA, however, will be held to its representation that its claims are not excessive or duplicative; should these representations prove unreliable, the number of claims may be limited as appropriate at a later date.

**IT IS SO ORDERED**.

Dated: September 24, 2019

_____
RICHARD SEEBORG
United States District Judge