UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMEVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> NINTENDO CO., LTD., et al., <br><br> Defendants. | Case No. 18-cv-01942-RS (TSH) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. Nos. 102, 104 |

Nintendo moves to compel further responses to its interrogatory No. 6 and request for production ("RFP") No. 17,[1] and Gamevice opposes. ECF Nos. 102, 104.

Nintendo served interrogatory No. 6 on July 12, 2018. It asked Gamevice to:

> Identify all sales, revenue, and profit information for each model of Gamevice Accessory identified in response to Interrogatory No. 1, for the period from January 1, 2013 to the present day, including by identifying on monthly, quarterly, and yearly basis: the number of units sold; the gross selling price; the net selling price; any sales allowances, sales discounts, and sales returns deducted from gross selling price; costs of goods sold; gross profit; gross margin; indirect or fixed expense(s); net profit; and net margin.

Gamevice responded on August 13, 2018 with a series of objections, then stated it would "supplement its responses after Nintendo has served its Patent L.R. 3-1 disclosure of asserted claims and infringement contentions pursuant to the Court's Scheduling Order (Dkt #42), and during expert discovery." On May 17, 2019 Gamevice served a first supplemental response that contained a Rule 33(d) reference to documents. Those documents contained financial information

---

[1] In a footnote, Nintendo says "*See also*, RFPs 18-22" but doesn't discuss them. ECF No. 102 at 2 n.2. That's not enough for a motion to compel, so the Court disregards those other RFPs.

through the first quarter of 2018.[2] On May 24, 2019, Gamevice served a second supplemental response that contained additional Rule 33(d) references to documents that contained financial information through the end of 2018.

Nintendo served RFP 17 on July 12, 2018. It requested:

> Your audited and unaudited monthly, quarterly, and annual financial statements (income statements, balance sheets, statements of cash flow, and statements of changes in shareholder's equity) from January 1, 2013 to the present day, including all disclosures required by generally accepted accounting principles.

After some objections, Gamevice responded on August 13, 2018 that it "will produce responsive, non-privileged documents in its possession, custody, and control [that] constitute its audited and unaudited financial statements from October 2017 to the present day, to the extent such documents exist and can be located after a reasonable search."

On November 1, 2018, Gamevice produced a spreadsheet detailing its sales information through March 2018. On May 24, 2019, Gamevice produced an updated spreadsheet with financial information through the end of 2018. It has not provided updated financial information since.

Fact discovery closed in this case on August 9, 2019. ECF No. 60. Per Civil Local Rule 37-3, the deadline to move to compel expired a long time ago. The parties agree, at least, on that. Nintendo argues that Gamevice is nonetheless obligated to supplement its prior responses with financial information for the first three quarters of 2019 pursuant to Rule 26(e), reasoning that the prior responses are now incomplete.

Nintendo is correct that the fact discovery cutoff does not terminate the obligation to supplement. The Advisory Committee Notes to the 1993 Amendments to Rule 26 indicate that the obligation to supplement under Rule 26(e) does not end with the fact discovery cutoff:

> Supplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, *and with special promptness as the trial date approaches.* It may be useful for the scheduling order to specify the time or times when supplementations should be made. (emphasis

---

[2] Nintendo's letter brief stated that the first supplemental response was through June 2018. Gamevice stated it was through Q1, and at oral argument Nintendo agreed it was through Q1.

2

added).

Case law is in accord. *See Woods v. Google*, 2014 WL 1321007, at *4 (N.D. Cal. Mar. 28, 2014) ("The Court can definitively state that the Rule 26(e) duty to supplement or correct incomplete or incorrect responses does, in fact, extend beyond the discovery cutoff date."); *Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 933 (N.D. Cal. 2013) ("Federal Rule of Civil Procedure 26(e) places litigants under an affirmative duty to supplement non-deposition discovery responses, even after the discovery cut-off date."). And Gamevice doesn't argue otherwise.

  This procedural posture takes several issues out of play. No one is disputing the relevance or proportionality of the requested information. No one is disputing that motions to compel fact discovery are barred at this point. In fact, the motion comes down to only one issue: Are Gamevice's prior responses incomplete within the meaning of Rule 26(e)?

  Gamevice says no. Interrogatory No. 6 asked for financial information "for the period from January 1, 2013 *to the present day*," and it was served on July 12, 2018. RFP 17 was served on July 12, 2018 and is phrased the same way. It is possible to interpret "the present day" to mean the date the request was served, and there is case law supportive of such an argument. *See Hnot v. Willis Grp. Holdings Ltd.,* 2006 WL 2381869, at *2 n.4 (S.D.N.Y. Aug. 17, 2006) ("Contrary to what plaintiffs seem to assume, a statement referring to 'the present' generally does not refer to any moment in time beyond when the statement was made.... The same logic applies to discovery requests; thus, a discovery request dated January 16, 2002, for documents extending 'to the present' only requires production of documents in existence on or before January 16, 2002."); *In re High Fructose Corn Syrup Antitrust Litig.*, 2000 WL 3318035, at *3 (C.D. Ill. July 19, 2000) ("[T]he July 15, 1997, discovery request was for information 'to present,' i.e., through July 15, 1997 ....").

  But as a purely textual matter, that's not the only possible way to read these requests. Obviously, there is only one way to interpret "January 1, 2013" – it's a reference to a specific day. But "to the present day" is different. It doesn't have to mean the day the discovery request was served. It could mean a floating reference to the present. Asking for financial information through the present can easily be read as a request for actual financial information and not

3

projections, and as time passes more actual information will become available.

Faced with discovery requests that can be read in different ways, the Court looks to how the parties understood them. During fact discovery, Gamevice never took the position that it would produce financial information through July 12, 2018 and no later. Its first production of financial data was through March of 2018, and its second production was through the end of 2018. Neither production is consistent with Gamevice's argument, advanced for the first time after the close of fact discovery, that its only obligation was to produce financial information through July 12, 2018. In particular, the production of financial data through the end of 2018 affirmatively indicated to Nintendo that Gamevice did not think the discovery requests were limited to information through July 12, 2018 and no later. Further, the parties' meet and confer correspondence is consistent with a shared understanding that Gamevice's financial information would be updated over time and is not consistent with Gamevice's view that the time limit on these discovery requests is July 12, 2018. *See* ECF Nos. 110-1 & 110-2.

Gamevice's conduct gave rise to a reliance interest for Nintendo. Had Gamevice stood its ground during fact discovery and insisted it would not produce financial information for after July 12, 2018, Nintendo could have propounded differently worded discovery requests or moved to compel. Instead, Gamevice affirmatively indicated during fact discovery that it did not view these requests as being limited to information through July 12, 2018, and then after the deadline to move to compel expired, it changed its interpretation and on that ground refused to supplement. This is an unfair bait and switch. *See Finjan, Inc. v. Bitdefender Inc.*, 2019 WL 3564443 (N.D. Cal. Aug. 6, 2019) (rejecting a similar argument). It threatens prejudice to Nintendo at trial because it would cause Nintendo's damages calculations to be significantly out of date.

The Court also rejects Gamevice's argument that Nintendo's motion is barred by Civil Local Rule 37-3. It is true that the local rule states that motions to compel concerning fact discovery must be brought within seven days after the close of fact discovery, and that deadline has passed. But as explained above, the supplementation requirement in Rule 26(e) applies even after the close of fact discovery. If Civil Local Rule 37-3 barred motions to enforce Rule 26(e) that are filed more than seven days after the close of fact discovery – as opposed to just regular

4

motions to compel – that would make the supplementation requirement a dead letter in this District because there would be no mechanism to enforce it. That cannot be right. The Court therefore concludes that Civil Local Rule 37-3 does not bar motions to enforce the supplementation requirement in Rule 26(e), even if they are brought more than seven days after the close of discovery.

Finally, the Court discussed with the parties the timing of the supplemental production. Nintendo requested that the Court order Gamevice to produce updated financial information through Q3 of 2019 (i.e., the end of September) by November 1, 2019. Gamevice says that isn't possible. Gamevice says it can produce updated financial information through Q2 by December 2, 2019, but counsel was unsure at the hearing if the company could produce through Q3 by that date. Nintendo plans to use this updated information for its damages expert report, which is due on December 20, 2019. Nintendo agrees that receiving updated information by December 2 gives it enough time to incorporate it into the December 20 expert report. If Gamevice is not able to produce Q3 data by December 2, the parties agreed at the hearing that they would meet and confer concerning a stipulation to allow Nintendo to supplement its expert report.

Accordingly, the Court **GRANTS** Nintendo's motion to compel updated financial information in response to these discovery requests. Gamevice shall produce updated information through 2019 Q2 (and Q3, if feasible) by December 2, 2019. If Q3 data cannot be produced by December 2, then Gamevice shall produce it when feasible.

**IT IS SO ORDERED.**

Dated: October 29, 2019

THOMAS S. HIXSON
United States Magistrate Judge