UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GAMEVICE, INC.,

    Plaintiff,

v.

NINTENDO CO., LTD., et al.,

    Defendants.

Case No. 18-cv-01942-RS (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 120

Fact discovery in this action has closed, but as the Court explained previously, "the fact discovery cutoff does not terminate the obligation to supplement" under Federal Rule of Civil Procedure 26(e). ECF No. 111. Nintendo argues that Gamevice is obligated to supplement its responses to Interrogatory 1 and Requests for Production Nos. 7, 29, 30, 34, and 41 as well as its response to Topic 42 in a Rule 30(b)(6) deposition notice.

Interrogatory 1 requested that Gamevice:

> Identify each model of Gamevice Accessory that you have made, used, sold, or offered for sale in the United States, or imported into the United States, from January 1, 2013 until the present day, including by identifying, for each model, its model name, model number, operating system compatibility, design IDs, and any internal or external names used by you (including early design or project code names, marketing names, and version numbers).

The key term in the interrogatory is "Gamevice Accessory," which Nintendo defined as follows: "'Gamevice Accessory means and refers to what Gamevice terms 'Gamevice controllers,' including without limitation each and every one of the following models: GV140-QSG, GV150-QSG, GV157-QSG, GV161-QSG, GV167-QSG, and GV169-QSG." There is a footnote in that definition after the word "controllers" that cites https:gamevice.com/pages/faq, which when visited on July 11, 2018 apparently referred to "the current range of Gamevice

controllers . . . ."

The RFPs at issue ask for things concerning or related to a "Gamevice Accessory," which is defined in the RFPs the same way as in the interrogatory.

In January 2020, several months after the close of fact discovery, Gamevice announced the forthcoming release of a new product on https://blog.gamevice.com:

> Introducing Kishi
>
> We're super excited to finally be able to share what we've been working on: a brand new, next-generation Gamevice, launching in partnership with Razer, called the Kishi!
>
> Our new Kishi controller is fully optimized for the latest games and devices, and supports the full complement of console-style controls, including L3 and R3 thumbstick buttons.
>
> Versions will be available for iPhone and Android.
>
> The iPhone Kishi will fully support all of the latest iPhone models, from the iPhone 11 and iPhone 11 Pro series all the way to the iPhone 6. The Android model will support many of the top Android phones via USB-C.
>
> We're very excited to share more about this new controller over the coming days and weeks. We think the Kishi represents a major breakthrough in the world of mobile gaming, and brings true console-class controls to the phone in a way that has never been seen before!

Similarly, on Twitter Gamevice announced:

> Our new Kishi controller is fully optimized for the latest games and devices, and supports the full complement of console-style controls, including L3 and R3 thumbstick buttons. Versions will be available for iPhone and Android.

2

Nintendo asserts that the Kishi is a new Gamevice Accessory and therefore that supplementation is necessary. Further, Nintendo argues that it should be able to take additional depositions if newly produced documents justify that. Gamevice disagrees that the Kishi is a Gamevice Accessory. Gamevice also argues that additional depositions are not permitted under the existing case schedule and that further document productions would be problematic at this point because expert reports have already been served.

Let's start with the foundational question, which is whether the Kishi is a new Gamevice Accessory. If it's not, then documents concerning it are not responsive to these RFPs, so there's nothing to supplement. As noted above, Nintendo defined a Gamevice Accessory as *what Gamevice terms* a "Gamevice controller." This definition throws to Gamevice to decide what a "Gamevice controller" is. Of course, Gamevice can't take one position on its website or in its marketing and then a contradictory position in discovery. Presumably, Nintendo means *what Gamevice terms* a Gamevice controller in the ordinary course of business, not what terms it comes up with for litigation purposes.

But there's no evidence that Gamevice terms the Kishi a Gamevice controller. The blog announcement calls it a "Kishi controller" and says it is a "next-generation Gamevice," but does not call it a Gamevice controller. The Twitter post also calls it a "Kishi controller." If you go to the web page that Nintendo cited in the footnote to the definition of Gamevice Accessory, there is still language that refers to "the current range of Gamevice controllers," and if you click on the "compatibility chart," you come to a complete list of the things Gamevice calls Gamevice controllers (https://gamevice.com/pages/compatibility), and the Kishi isn't on the list.

Nintendo states that "Gamevice even labels the product with the 'Gamevice' name and model number 'GV190 – as in 'Gamevice 190.'" But Nintendo did not define Gamevice Accessory to mean every product made by Gamevice or even every controller made by Gamevice. It defined it to mean "what Gamevice terms 'Gamevice controllers,'" and the Kishi controller is not one of those. Rather, it seems that Gamevice has sold a number of products called a "Gamevice controller" and now in partnership with Razer, it is rolling out a new type of controller called a Kishi controller. In any event, if you ask your opponent to give you everything *they call*

3

X, and they roll out a new product and they call it Y, it's not responsive. There is a lesson in here about how to draft discovery requests.

That leaves the deposition topic. It asked for a witness to testify about "[a]ny change or design-around that you have investigated, considered, and/or implemented for the purpose of avoiding infringement of any NOA Asserted Patent." This deposition topic does not hinge on, or even refer to, the term "Gamevice Accessory," so the above discussion does not resolve this dispute.

However, the Court believes this dispute is time-barred. Fact discovery closed on August 9, 2019. Per Local Rule 37-3, the deadline to move to compel expired a long time ago. The Court previously reasoned that the obligation to supplement under Rule 26(e) implied the ability to move to compel after the deadline in Local Rule 37-3 to enforce that obligation because otherwise "the supplementation requirement [would be] a dead letter in this District because there would be no mechanism to enforce it." ECF No. 111 at 5. However, the supplementation requirement does not apply to non-expert depositions. *See* Fed. R. Civ. Proc. 26(e). So, as to the deposition topic, Nintendo is not enforcing Rule 26(e); it has simply brought a time-barred motion to compel.

Nintendo's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 14, 2020

THOMAS S. HIXSON
United States Magistrate Judge