UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMEVICE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NINTENDO CO., LTD., et al.,<br><br>    Defendants. | Case No. 18-cv-01942-RS<br><br>**ORDER DENYING MOTION FOR RULE 11 SANCTIONS** |

## I. Introduction

In this patent infringement lawsuit, Plaintiff Gamevice, Inc. ("Gamevice") avers that Defendants Nintendo Co., Ltd. and Nintendo of America, Inc. (collectively "Nintendo") infringed three of its patents. Nintendo brings a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 after Gamevice's filing of an Amended Complaint, arguing that Gamevice's claims are frivolous following Gamevice's loss in proceedings concerning the same patents before the United States International Trade Commission ("ITC"). As explained below, imposing sanctions at this stage in the litigation requires the Court prematurely to assess the merits of this case. The motion for sanctions is therefore denied without prejudice. Pursuant to Civil Local Rule 7-1(b), this motion is suitable for decision without oral argument and the hearing scheduled for May 26, 2022 is vacated.

## II. Factual and Procedural Background

Gamevice is a designer and manufacturer of attachable handheld controllers for use with

mobile phones and tablets. Nintendo similarly develops gaming technology, including video game controllers and consoles. In March 2018, Gamevice sued Nintendo for alleged infringement of two of Gamevice's patents, U.S. Patent Nos. 9,808,713 (the "'713 patent") and 9,855,498 (the "'498 patent").[1] On June 15, 2018, the Court granted the parties' joint stipulation to stay the claims pending the resolution of proceedings filed by Gamevice in the ITC concerning those same patents.

Gamevice filed its first ITC complaint in March 2018, alleging that Nintendo infringed claims of the '798 and '498 patents, the same patents at issue in this case.[2] Following claim-construction briefing and hearing, the ALJ rejected many of Gamevice's proposed constructions and entered a Summary Determination of Non-Infringement and an Initial Determination of No Violation. Gamevice appealed the ALJ's constructions to the full Commission and the Federal Circuit, and lost at both levels.[3] Gamevice initiated a second ITC action, alleging that Nintendo infringed claims of U.S. Patent No. 10,391,393 (the "'393 patent"), which was issued after the initiation of the litigation before this Court and the ITC.[4] The ALJ issued an Initial Determination finding no infringement and the Commission summarily adopted the ALJ's Initial Determination as its Final Determination. Gamevice appealed the Final Determination to the Federal Circuit but dismissed its appeal before briefing began.

Following resolution of the proceedings before the ITC and the Federal Circuit, this Court dissolved the stay. On March 3, 2022, the Court granted Gamevice's motion to amend its complaint to add infringement allegations based on the '393 patent. Nintendo did not oppose the

---

[1] Nintendo counterclaimed, alleging Gamevice infringed three of its own patents, and the parties jointly dismissed Nintendo's counterclaims on September 2, 2020.

[2] *In the Matter of Certain Portable Gaming Console Systems with Attachable Handheld Controllers and Components Thereof*, Inv. No. 337-TA-1111, referred to by the parties as the "1111 Investigation."

[3] The Federal Circuit entered a Rule 36 summary affirmance of the Commissions's constructions, and did not address Gamevice's arguments before the court.

[4] *In the Matter of Certain Portable Gaming Console Systems with Attachable Handheld Controllers and Components Thereof II*, Inv. No. 337-TA-1197, referred to by the parties as the "1197 Investigation."

motion to amend given the liberal policy allowing amendments, but indicated it would move for sanctions based on Gamevice's continued pursuit of its infringement claims in this forum despite prior losses before the ITC and Federal Circuit. On March 30, 2022, Nintendo filed this motion for Rule 11 sanctions.

### III. Legal Standard

Federal Rule of Civil Procedure 11 requires that before an attorney files a pleading, motion, or other submission, the attorney must certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Fed. R. Civ. P. 11(b)(2). Further, the attorney must certify "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b)(3). These certifications must be made "to the best of the [attorney]'s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[.]" Fed. R. Civ. P. 11(b). If a "court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

When evaluating whether to impose Rule 11 sanctions in a patent case, courts apply the law of the circuit in which the district court is located. *See Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1367 (Fed. Cir. 2012). In the Ninth Circuit, "sanctions must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (citation omitted). A filing is frivolous if it "is both baseless and made without a reasonable and competent inquiry." *Id.* The Federal Circuit has "interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004). Further, the Federal Circuit has stated in the context of motions for attorneys' fees under 35 U.S.C. § 285 "that a party cannot assert baseless infringement claims

and must continually assess the soundness of pending infringement claims, especially after an adverse claim construction." *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013).

### IV. Discussion

Nintendo argues that Gamevice "is pursuing the same infringement theory before this Court that the ITC has rejected twice" and "pursu[ing] claims in a district court after the same claims have been demonstrated to be meritless in the ITC is sanctionable." Motion for Rule 11 Sanctions, p.19. Although ITC decisions and the Federal Circuit's decisions in appeals from ITC decisions do not have preclusive effect on district courts, the Federal Circuit has stated that "[d]istrict courts are not free to ignore holdings of this court that bear on cases before them." *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996).

Gamevice correctly notes that because a party is not precluded from relitigating issues that arose in ITC proceedings in a district court, the fact of relitigation is not enough to impose sanctions. Nintendo argues that Gamevice does not have "an objectively reasonable basis for proceeding despite objective evidence . . . that Gamevice's theories are wrong both in law and in fact." Motion for Rule 11 Sanctions, p.2. Gamevice counters that it has a reasonable belief that litigation in this Court will have a different result than the ITC proceedings because it believes this Court will construe several claim terms differently than the ITC.

Nintendo repeatedly discusses *Linex Technologies v. Hewlett-Packard*, No. C-13-159 CW, 2014 WL 4616847 (N.D. Cal. Sept. 15, 2014), in which another court in this district imposed attorneys' fees against the same law firm which now represents Gamevice for pursuing patent infringement claims despite prior unsuccessful proceedings before the ITC. As Gamevice correctly notes, attorneys' fees in *Linex* were imposed after the Court entered judgment for the Defendant on all claims. The difference in timing between this case and *Linex* is critical. Granting sanctions at this stage essentially requires the Court to evaluate the merits of the case prior to briefing and argument on claim construction. *Cf In re Protegrity Corp.*, No. 3:15-MD-02600-JD, 2017 WL 747329, at *3 (N.D. Cal. Feb. 27, 2017) (in denying attorney's fees under 35 U.S.C. § 285, stating

United States District Court
Northern District of California

that "[e]vidence of the frivolity of the claims must be reasonably clear without requiring a 'mini-trial' on the merits for attorneys' fees purposes" (internal quotation marks and citation omitted)). Such an inquiry is not an efficient use of the Court's resources, and risks prematurely determining an outcome in the case.

To be clear, that Gamevice has lost these same infringement claims before the ITC foreshadows that it will likely have a difficult path in succeeding on its claims. At this stage, however, Rule 11 sanctions are not warranted. The motion for Rule 11 sanctions is therefore denied without prejudice. Should developments in the case make clear that such sanctions are indeed warranted without requiring the Court prematurely to delve into the merits, Nintendo may again move for sanctions.

## V. Conclusion

For all the foregoing reasons, Nintendo's motion for Rule 11 sanctions is denied without prejudice.

**IT IS SO ORDERED**.

Dated: May 18, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

ORDER DENYING MOTION FOR RULE 11 SANCTIONS
CASE NO. 18-cv-01942-RS

5