United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GAMEVICE, INC.,

Plaintiff,

v.

NINTENDO CO., LTD., et al.,

Defendants.

Case No. 18-cv-01942-RS

**ORDER GRANTING MOTION TO EXECUTE**

In this longstanding patent infringement action brought by Gamevice, Inc. ("Gamevice") against Nintendo, Inc. ("Nintendo"), Nintendo now moves for an order to execute on Supersedeas Bond #3509380, provided by SureTec Insurance Company ("SureTec"), on Gamevice's behalf. For the reasons below, Nintendo's motion is granted.[1]

In November 2023, Gamevice was ordered to pay Nintendo $42,415.90. Gamevice appealed to the Federal Circuit. Execution of the judgment was stayed pending appeal, and Gamevice was ordered to post a supersedeas bond to secure costs pursuant to Rule 62(b). The Federal Circuit affirmed this Court's non-infringement determination and remanded this case back on March 23, 2026. On May 4, 2026, a Second Amended Final Judgment was entered, affirming judgment in favor of Nintendo and lifting the judgement's stay of execution.

On June 29, 2026, Nintendo requested Gamevice pay the full judgment, including $6,155.68 in post-judgment interest. Gamevice did not respond, prompting Nintendo's present motion, brought under Rule 65.1, seeking to execute on the SureTec bond in the full amount of Nintendo's judgment against Gamevice, as well as post-judgment interest and *per diem* interest until paid. Nintendo served this motion on the Clerk of Court to send a copy to SureTec on July 27, 2026, as provided under Rule 65.1, and served SureTec by mail at its last known address. Fed.

[1] Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for September 3, 2026, is vacated.

R. Civ. P. 65.1.

Rule 65.1 provides that whenever the Federal Rules of Civil Procedure "allow a party to give security, and security is given with one or more security providers," the security provider is subject to the jurisdiction of the Court and "irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the security." Fed. R. Civ. P. 65.1. The surety's liability for the amount of the bond "may be enforced on motion without an independent action." *Id.*; *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 311 (1995) ("[Rule 65.1] provides an expedited procedure for executing on supersedeas bonds.").

Since the bond here falls within the scope of Rule 65.1 and judgment has been affirmed, SureTec is liable for the full face amount of the bond, $42,415.90. SureTec is also liable for post-judgment interest plus *per diem* interest until paid. " '[O]nce a judgment is obtained, interest thereon is mandatory without regard to the elements of which that judgment is composed' " because "[c]osts of the loss of use of a money judgment should not be borne by the injured plaintiff, but by the 'defendant whose initial wrongful conduct invoked the judicial process and who has had the use of the money judgment throughout the period of delay.' " *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995) (quoting *Perkins v. Standard Oil Co*., 487 F.2d 672, 675 (9th Cir. 1973)).

Based on Nintendo's unopposed calculations, the post-judgment interest is $6,155.68 and the *per diem* interest through November 2026 is $6.79. For the foregoing reasons, SureTec is directed to pay Nintendo $48,571.81 plus *per diem* interest of $6.79 until the full amount is paid.

**IT IS SO ORDERED**.

Dated: August 26, 2026

RICHARD SEEBORG
United States District Judge